UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: _____

**J.B. as Jane Doe**,

    Plaintiff,

vs.

***GERRY'S FERRY***, a 2024 126' Ferretti Custom Line vessel, bearing official number/IMO number: 753703, including her engines, generators, electronics, anchor, cables, chains, rigging, tackle, apparel, furniture and all other accessories and appurtenances belonging to her, *in rem*,

and

**PALMETTO POINT TRANSPORTATION LTD.**, *in personam*,

and

**ACCENT STRIPE INC.**, *in personam*,

and

**GERALD BUCHHEIT,** *in personam*,

and

**DAVID GORE,** *in personam,*

    Defendants.
_____/

**COMPLAINT WITH JURY TRIAL DEMAND AND
REQUEST FOR SUPPLEMENTAL MARITIME RULE C ARREST WARRANT**

COMES NOW, Plaintiff, **J.B. as Jane Doe**, by and through undersigned counsel, who hereby files this Complaint with Jury Trial Demand and Request for Supplemental Maritime Rule C Arrest Warrant ("Complaint") and sues Defendants, ***GERRY'S FERRY***, *in rem*; **PALMETTO POINT TRANSPORTATION LTD.**, *in personam*; **ACCENT STRIPE INC.**, *in personam*; **GERALD BUCHHEIT**, *in personam*; and **DAVID GORE,** *in personam*. In support thereof, Plaintiff alleges:

## JURISDICTION, VENUE AND PARTIES

1. This lawsuit relates to a June 30, 2025 sexual assault and/or rape incident perpetrated against Plaintiff, J.B., by Defendant, DAVID GORE, while aboard the vessel *GERRY'S FERRY*, and while both were under the employ of ACCENT STRIPE INC. and/or GERALD BUCHHEIT. At all times material, the vessel was homeported in Ft. Lauderdale, Florida, as this is where the vessel was docked when not in use, this is the city in which its crewmembers lived when not working on the vessel, and this is the city at which the crewmembers, including Plaintiff, would meet to board the vessel for work. Plaintiff also accepted her employment to the vessel in Ft. Lauderdale, Florida.

2. Plaintiff, J.B., is a United States citizen and resident of Florida.

3. Defendant, *GERRY'S FERRY*, *in rem,* is a 2024 126' Ferretti Custom Line vessel, bearing official number/IMO number: 753703, including her engines, generators, electronics, anchor, cables, chains, rigging, tackle, apparel, furniture and all other accessories and appurtenances belonging to her, *in rem*.

4. Defendant, PALMETTO POINT TRANSPORTATION LTD., *in personam,* is a foreign entity that, based upon information and belief, owned, maintained and/or insured the vessel, *GERRY'S FERRY,* and maintained same in Ft. Lauderdale, FL. Upon information and

belief, Defendant, PALMETTO POINT TRANSPORTATION LTD., is controlled by Defendant, GERALD BUCHHEIT and/or Defendant, ACCENT STRIPE INC. This Defendant is amenable to service via its managing member and/or registered agent: Gerald Buchheit, 501 Danley Dr., Fort Myers, FL 33907.

5. Defendant, ACCENT STRIPE INC., *in personam,* is a foreign entity that, upon information and belief, employed Plaintiff and Defendant, DAVID GORE, in connection with their work aboard *GERRY'S FERRY*, paid their salary, and controlled Defendant, PALMETTO POINT TRANSPORTATION LTD., as well as the vessel, *GERRY'S FERRY*. In addition, or in the alternative, this Defendant also owned, operated and/or maintained the vessel, *GERRY'S FERRY*. This Defendant is amenable to service via its managing member and/or registered agent: Gerald Buchheit, 501 Danley Dr., Fort Myers, FL 33907.

6. Defendant, GERALD BUCHHEIT, *in personam,* is a United States citizen and resident of Florida. Upon information and belief, Defendant, GERALD BUCHHEIT, owned, maintained and/or operated *GERRY'S FERRY* through his companies, Defendant, PALMETTO POINT TRANSPORTATION LTD. and Defendant, ACCENT STRIPE, INC., of which companies he was the main owner and decision-maker. In addition, or in the alternative, Defendant, GERALD BUCHHEIT, employed Plaintiff and Defendant, DAVID GORE, given his control over the vessel, control over Plaintiff while she was under his employ, and payment of Plaintiff's and DAVID GORE's wages from his money, through his companies. This Defendant is amenable to service at: 501 Danley Dr., Fort Myers, FL 33907.

7. Defendant, DAVID GORE, is a United States citizen and was employed by Defendant, GERALD BUCHHEIT, Defendant, PALMETTO POINT TRANSPORTATION LTD. and/or Defendant, ACCENT STRIPE, INC., as Captain aboard *GERRY'S FERRY*.

Defendant, DAVID GORE, sexually assaulted and/or raped Plaintiff aboard the vessel on June 30, 2025; and prior to that, sexually harassed Plaintiff in Florida. This Defendant is amenable to service at: 53 Jeanmoor Road, Buffalo, NY 14228 and/or his employer, Defendant, GERALD BUCHHEIT, at 501 Danley Dr., Fort Myers, FL 33907.

8. At all times material hereto, Defendant, ACCENT STRIPE INC. and Defendant, GERALD BUCHHEIT, jointly employed Plaintiff aboard the vessel, *GERRY's FERRY*. At all times material hereto, Plaintiff lived aboard the vessel and worked aboard same as a First Mate. Plaintiff's job duties as First Mate included living on the vessel to ensure its availability for its owner, Defendant, GERALD BUCHHEIT, maintain the vessel's living spaces (i.e. cleaning it, stocking it with food and supplies), and assist other crewmembers in satisfying the vessel's operational needs (i.e. fueling operations, engine operations, docking operations, etc.). As such, at all times material, Plaintiff held Jones Act seaman status vis-à-vis Defendant, ACCENT STRIPE INC. and Defendant, GERALD BUCHHEIT, as that status is understood under the Jones Act, 46 U.S.C. § 30104, and/or the General Maritime Law of the United States. Defendant, GERALD BUCHHEIT, hired Plaintiff, defined the scope of her job duties and retained ultimate control whether to terminate her employment; and Defendant, ACCENT STRIPE INC. paid Plaintiff her wages.

9. Given Plaintiff's status as a Jones Act seaman, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333, and Plaintiff has a right to a jury trial on all of her claims, as provided for under the Jones Act.

10. Venue for this civil action is proper in the District pursuant to 28 U.S.C. §1391.

11. At all times material hereto, Defendants operated the vessel in navigable waters, including navigable waters within the States of Florida.

12. At all times material hereto, Defendants called the vessel at ports within the State of Florida and secured provisions, including fuel and food care within Florida.

13. At all material times, Defendants are and were subject to the personal jurisdiction of this Court for the reasons expressed within this Complaint; and/or otherwise have:

   a. Committed a tortious act within this State;

   b. Owned, used, possessed, or hold a mortgage or other lien on any real property within this State;

   c. Contracted to insure a person, property, or risk located within this State at the time of contracting;

   d. Engaged in substantial and not isolated business activity within the State;

   e. Engaged in solicitation or performed business services within this State;

   f. Caused injury to persons or property within this State arising out of an act or omission by the Defendants outside this State;

   g. Operated vessels within this State; and/or

   h. Other acts or omissions to be revealed through the course of discovery.

14. This is a case seeking foreclosure of a maritime lien held by Plaintiff in connection with a maritime tort committed against her by the vessel, *in rem*, and by the *in personam* Defendants.

### FACTS APPLICABLE TO ALL COUNTS

15. On June 30, 2025, and while working aboard the vessel, Defendant, DAVID GORE used his position as Captain of the vessel to sexually assault and/or rape Plaintiff while aboard the vessel. Specifically, DAVID GORE used his status as Captain to enter a cabin Plaintiff was sleeping in aboard the vessel, which entry he made without her consent and under the guise of a

safety check, and then DAVID GORE got into bed with Plaintiff while he was naked, without her consent, and DAVID GORE thereafter sexually assaulted and/or raped Plaintiff. At no point in time did Plaintiff ever consent to being in bed with DAVID GORE or to sex with him. The next morning, Plaintiff experienced discomfort and pain in her pelvic area. On July 12, 2025, DAVID GORE confirmed to Plaintiff that this incident occurred. As a result of this incident, Plaintiff suffered injuries that include, but are not limited to: physical pain, emotional pain, and psychological injuries. On July 13, 2025, Plaintiff reported this incident to Defendant, GERALD BUCHHEIT. On July 14, 2025, Defendant, GERALD BUCHHEIT, terminated Plaintiff's employment from the vessel without cause, and seemingly in response to her reporting this subject incident.

16. Prior to the June 30, 2025 subject incident, DAVID GORE had previously sexually assaulted another crewmember aboard *GERRY'S FERRY*, and while under Defendants' employ. More specifically, in April 2024, while aboard *GERRY'S FERRY*, DAVID GORE entered another female crewmember's cabin, and while that crewmember was asleep, DAVID GORE attempted to sexually assault and/or rape her. This incident was reported to Defendant, GERALD BUCHHEIT and/or Defendant, ACCENT STRIPE, INC., within a month of its occurrence.

17. Notwithstanding Defendants, GERALD BUCHHEIT and ACCENT STRIPE INC., knowing of this prior sexual assault incident, Defendants still hired and/or retained DAVID GORE to work aboard the vessel at the time of Plaintiff's incident. Defendants, GERALD BUCHHEIT and ACCENT STRIPE INC. also knew, before Plaintiff's June 30, 2025 incident, that DAVID GORE had an alcohol problem in that he would habitually drink to the point of severe intoxication, such as when he did in front of Defendants at a holiday party in December 2024 and thereafter he engaged in sexually inappropriate remarks and conduct toward crewmembers. DAVID GORE's

drinking habit and lack of control when intoxicated made Defendants aware, or they should have been aware, that he would engage in sexually inappropriate conduct when he became intoxicated.

### COUNT I – FORECLOSURE OF MARITIME LIEN FOR MARITIME TORT AGAINST THE VESSEL *IN REM*

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

18. In connection with the subject incident described above, Defendants' conduct caused Plaintiff to suffer personal injuries.

19. Herein Plaintiff brings legal claims against Defendants pursuant to a maritime tort.

20. Pursuant to general maritime law, Plaintiff possesses a maritime lien against the Vessel and its engines, generators, tackle, equipment, furnishings, electronics, contents and appurtenances, etc. pursuant to a maritime tort.

WHEREFORE, Plaintiff prays for the following:

A. That process in due form of law in admiralty and maritime cases according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the Vessel, a motor yacht, her engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., *in rem*, and that all persons claiming an interest therein be cited to appear and answer the Plaintiff's Complaint; and/or

B. That Plaintiff be decreed to have a lien of high order upon the Vessel as described herein; or, in the alternative, the Vessel be condemned and sold in payment of the amount due and all other such sums owed; and/or

C. That Plaintiff be permitted to bid her judgment against the Vessel at a United States Marshal's Sale; and that this Court further award Plaintiff the total amount of Plaintiff's claim, plus pre- and post-judgment interest and costs, expenses of custody, and that Plaintiff be permitted to recover the same from the Defendant Vessel, *in rem*, in an amount no less than $5,000,000.00; and/or

D. Upon proper notice and hearing, judgment be entered against the

    Defendants fully compensating the Plaintiff awarding compensatory, special and general damages, together with pre-judgment interest, post judgment interest, costs, custodial legis expenses, and attorneys' fees; and/or

E. That summons issue citing the *in personam* Defendants to appear and answer the aforesaid matters; and/or

F. That any deficiency after sale of the Vessel be made as a judgment in favor of Plaintiff and against the *in personam* Defendants; and/or

G. That all of Plaintiff's expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice.

## COUNT II – JONES ACT NEGLIGENCE AGAINST DEFENDANTS ACCENT STRIPE INC. AND GERALD BUCHHEIT

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

21. On or about the above date, Plaintiff was employed by one or more of the Defendants as a Jones Act seaman and was a member of the vessel's crew.

22. At all times material hereto, it was the duty of one or more of the Defendants to provide Plaintiff with a reasonably safe place to work.

23. Plaintiff's injuries were caused by the fault and negligence of Defendants and/or its agents, servants, and/or employees as follows:

a. Failure to provide Plaintiff with a reasonably safe place to work aboard the vessel; as the vessel's Captain sexually assaulted and/or raped Plaintiff, and Plaintiff's Jones Act employers failed to provide her reasonably safe accommodations to sleep and be secure aboard the vessel;

b. Failure to man the vessel with a reasonably fit and/or competent crew; for example, the vessel's Captain, DAVID GORE, was a known alcoholic and sexual deviant as described herein, and he was likely to recommit his unwanted conduct on fellow crewmembers before Plaintiff's subject incident, as his sexual and drinking habits were known to Plaintiff's Jones Act employers;

c. Failure to reasonably warn Plaintiff of the dangerous conditions and/or improper proclivities of Captain, DAVID GORE;

d. Via *respondent superior* for the direct negligence of DAVID GORE who used his status a Captain to enter Plaintiff's cabin without permission, under the guise of a safety check, which status DAVID GORE used to sexually assault and/or rape Plaintiff;

e. Failure to reasonably train crewmembers, including the Captain, DAVID GORE, not to sexually assault and/or rape fellow crewmembers and/or to not drink to the point of severe intoxication; and/or

f. Failure to promptly, properly, and adequately diagnose and treat Plaintiff's injuries, shipboard and/or shoreside.

24. At all times material hereto, Defendants negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed to modify the hazard and failed to properly warn the Plaintiff of the hazards. In addition, Defendant(s) violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to be injured and to not receive adequate care for her injuries.

25. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s) in the exercise of reasonable care should have learned of them and corrected them.

26. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past,

and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT III – UNSEAWORTHINESS AGAINST DEFENDANTS, *GERRY'S FERRY*, PALMETTO POINT TRANSPORTATION LTD., ACCENT STRIPE INC. AND/OR GERAL BUCHHEIT

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

27. On or about the above date, Plaintiff was a seaman and a member of the member of the vessel's crew, which was in navigable waters.

28. At all times material hereto, the vessel was owned, managed, operated and/or controlled by one or more of the Defendants, as more fully explained above.

29. At all times material hereto, one or more Defendants had the absolute, non-delegable duty to provide Plaintiff with a seaworthy vessel on which she served.

30. On or about the above date, the unseaworthiness of the vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The vessel failed to carry a fit crew; as, for example, the vessel's Captain, DAVID GORE, was a known alcoholic and sexual deviant as described herein, and he was likely to recommit his improper conduct on fellow crewmembers before Plaintiff's subject incident, as his sexual and drinking habits were known to Plaintiff's Jones Act employers;

- 11 -

    b.   The vessel was incapable of providing crewmembers with a reasonably safe place to work, as the Captain, DAVID GORE, would use his status as Captain to violate privacy of other crewmembers and/or commit sexual misconduct against them; and/or

    c.   The vessel was not reasonably fit for its intended purpose.

31.    As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT IV – FAILURE TO PROVIDE MAINTENANCE AND CURE
### AGAINST DEFENDANTS, ACCENT STRIPE INC. AND GERALD BUCHHEIT

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

32.    On or about the above date, Plaintiff was injured while in the service of the vessel as a crewmember.

33.    Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from her employer(s), one or more of the Defendants, until Plaintiff is

declared to have reached Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC).  Maintenance and cure includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage, whichever is longer. In addition, an MMI declaration must be unequivocal, and if not, any doubts or controversy, regarding whether or not the seaman is at MMI must be resolved in favor of the seaman.

34. To date, Plaintiff has not reached MMI for her physical or psychological injuries caused by the subject incident, and she is therefore entitled to receive medical treatment from physicians of her choice.

35. At all times material hereto, Defendant(s) willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and cure, and/or Defendant(s) willfully and callously delayed, failed and/or refused to provide the Plaintiff the level of cure that the Plaintiff needs, so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. For example, although Plaintiff reported the incident and her injuries to Defendants on July 13, 2025, Defendants terminated Plaintiff's employ on July 14, 2025 and have failed to provide her with maintenance and cure since that time, and/or failed to provide plaintiff the full amount of maintenance and cure owed under the law, despite the undersigned's request that maintenance and cure be provided.

36. At all times material hereto, Defendant(s)'s failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States.

37. At all times material hereto, Defendant(s)'s unreasonable and/or callous failure to pay or provide Plaintiff with maintenance and cure aggravated Plaintiff's condition and caused her

to suffer additional compensatory damages, including, but not limited to, the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT V – FAILURE TO TREAT AGAINST DEFENDANTS, ACCENT STRIPE INC. AND GERALD BUCHHEIT

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

38. On or about the above date, Plaintiff was employed by one or more of the Defendants as a seafarer and was a member of the vessel's crew. The vessel at all times material sailed in navigable waters.

39. At all times material hereto, it was the duty of Defendant(s) to provide Plaintiff with prompt, proper, and adequate medical care.

40. Following Plaintiff's shipboard injury, Defendants did not have Plaintiff timely examined by a shoreside specialists, and instead, Defendants terminated her employment.

41. At all times material hereto, Defendant(s) negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

   a. Defendant(s) not giving Plaintiff proper medical care in a timely manner after she reported her injury aboard the vessel and sought treatment for her condition(s); and/or

   b. Defendant(s) not authorizing/proving and/or not timely authorizing/providing Plaintiff with medical care, and/or

   c. Defendant(s) prematurely terminating Plaintiff's medical care.

42. As a direct and proximate result of Defendant(s)'s failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

43. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981), which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law.

**COUNT VI – NEGLIGENT HIRING AND/OR RETENTION AGAINST DEFENDANTS, GERALD BURCHHEIT AND ACCENT STRIPE INC.**

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

44. Prior to the June 30, 2025 subject incident, DAVID GORE had previously sexually assaulted another crewmember aboard *GERRY'S FERRY*, and while under Defendants' employ. More specifically, in April 2024, while aboard *GERRY'S FERRY*, DAVID GORE entered another female crewmember's cabin, and while that crewmember was asleep, DAVID GORE attempted

to sexually assault and/or rape her. This incident was reported to Defendant, GERALD BUCHHEIT and/or Defendant, ACCENT STRIPE, INC., within a month of its occurrence.

45. Notwithstanding Defendants, GERALD BUCHHEIT and ACCENT STRIPE INC., knowing of this prior sexual assault incident, Defendants still retained DAVID GORE to work aboard the vessel at the time of Plaintiff's June 30, 2025 incident. Defendants, GERALD BUCHHEIT and ACCENT STRIPE INC. also knew, before Plaintiff's June 30, 2025 incident, that DAVID GORE had an alcohol problem in that he would habitually drink to the point of severe intoxication, such as when he did in front of Defendants at a holiday party in December 2024.

46. At all times material hereto, it was the duty of one or more of the Defendants to provide Plaintiff with a reasonably safe place to work.

47. Defendants breached this duty of care when they retained DAVID GORE as Captain aboard the vessel at the time of Plaintiff's June 30, 2025 incident, and/or maintained his employment status as Captain aboard same, notwithstanding their knowledge of the prior April 2024 sexual assault.

48. Plaintiff's injuries were caused by the fault and negligence of Defendants and/or its agents, servants, and/or employees as follows:

   a. Failure to provide Plaintiff with a reasonably safe place to work aboard the vessel; as the vessel's Captain sexually assaulted and/or raped Plaintiff and Plaintiff's Jones Act employers failed to provide her reasonably safe accommodations to sleep and be secure aboard the vessel;

   b. Failure to man the vessel with a reasonably fit and/or competent crew; for example, the vessel's Captain, DAVID GORE, we a known alcoholic and sexual deviant as described herein, and he was likely to recommit his improper conduct on fellow crewmembers before Plaintiff's subject incident, as his sexual habits were known to Plaintiff's Jones Act employers;

   c. Failure to reasonably warn Plaintiff of the dangerous conditions and/or proclivities of Captain, DAVID GORE;

    d. Via *respondent superior* for the direct negligence of DAVID GORE who used his status a Captain to enter Plaintiff's cabin without permission, under the guise of a safety check, which status DAVID GORE used to sexually assault and/or rape Plaintiff;

    e. Failure to reasonably train crewmembers, including the Captain, DAVID GORE, not to sexually assault and/or rape fellow crewmembers and/or to not drink to the point of severe intoxication; and/or

    f. Failure to promptly, properly, and adequately diagnose and treat Plaintiff's injuries, shipboard and/or shoreside.

49. At all times material hereto, Defendants negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed to modify the hazard and failed to properly warn the Plaintiff of the hazards. In addition, Defendant(s) violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to be injured and to not receive adequate care for her injuries.

50. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s) in the exercise of reasonable care should have learned of them and corrected them.

51. As a result of the negligence of Defendants, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

### COUNT VII – NEGLIGENCE AND/OR INTENTIONAL SEXUAL ASSUALT/RAPE AGAINST DEFENDANT, DAVID GORE

Plaintiff adopts and reasserts the allegations set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein, and further alleges:

52. At all times material hereto, DAVID GORE had a duty to provide Plaintiff with a reasonably safe place to work and/or a duty to not sexually assault and/or rape her.

53. DAVID GORE breached this duty of care when he entered Plaintiff's cabin and, while she was asleep, got in bed with her naked and sexually assaulted and/or raped her. At no point in time did Plaintiff consent to being in bed with DAVID GORE or to sexual intercourse with him.

54. As a result of DAVID GORE's conduct, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In

addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law.

Dated: September 3, 2025

> Respectfully submitted,
>
> LIPCON, MARGULIES
> & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> 2800 Ponce de Leon Blvd., Suite 1480
> Coral Gables, FL 33134
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By:  */s/ Luis Alexander Perez*
> **LUIS ALEXANDER PEREZ**
> Florida Bar No.: 125452
> aperez@lipcon.com