UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61776-CIV-DAMIAN/Valle

**J.B.,** as Jane Doe,

    Plaintiff,

v.

**GERRY'S FERRY,** *et al.*,

    Defendants.
_____/

## ORDER TO SERVE DEFENDANT VESSEL AND FILE PROOF OF SERVICE

**THIS CAUSE** came before the Court *sua sponte*. As several Defendants have filed responses to Plaintiff's Complaint [ECF No. 1], this Court notes a lack of service as to the *in rem* Defendant and directs Plaintiff to address the failure to serve promptly so that a scheduling order may be entered and this case set for trial.

Federal Rule of Civil Procedure 4(m) requires service of a summons and complaint to be perfected upon defendants within ninety (90) days after the filing of the complaint. Further, Federal Rule of Civil Procedure 4(l)(1) requires that proof of service be made to the court by the filing of the server's affidavit or that of the United States Marshal or deputy marshal.

"Rule 4(m)'s time limit applies to service on a vessel." *Harper v. M/V Ouro Do Brasil*, No. 12-cv-1976-T-23TGW, 2013 WL 12388568, at *5 (M.D. Fla. July 10, 2013) (citing *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1341 (11th Cir. 2005)). "In general, 'a valid seizure of the *res* is a prerequisite to the *initiation* of an *in rem*' action." *Betty K. Agencies*, 432 F.3d at 1341 (quoting *Rep. Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84 (1992)). "Typically, in admiralty cases, seizure of the *res* is accomplished by arresting the vessel in dispute." *Id.* (citing Supp. Adm. & Mar. R. C(3)). "But posting a release bond also brings the

*res* within the court's jurisdiction[.]" *Id.*; *see Harper*, 2013 WL 12388568 at *5 ("Service of process on an *in rem* vessel requires a verified complaint seeking to arrest the vessel, which results in the issuance of a warrant for the arrest of the vessel, although, in lieu of arrest, a defendant may issue a bond or letter of undertaking."). Service of process *in rem* by these means "serves two functions: it brings the *res* within the court's control and it provides fair notice to interested parties." *Betty K. Agencies*, 432 F.3d at 1341.

Plaintiff, J.B. as Jane Doe ("Plaintiff"), filed this action on September 3, 2025 [ECF No. 1]. To date, there is no indication in the court file that Defendant GERRY'S FERRY, a 2024 126' Ferretti Custom Line vessel, bearing official number/IMO number 753703, including her engines, generators, electronics, anchor, cables, chains, rigging, tackle, apparel, furniture and all other accessories and appurtenances belonging to her, *in rem*, (the "Vessel"), has been served with the appropriate Rule C warrant of arrest or that any bond or letter of undertaking has been executed such that this Court could find the Vessel is subject to the jurisdiction of this Court and that Rule 4 is satisfied.

The other four Defendants in this action, who are sued *in personam*, have been served and three of them have responded to the Complaint. *See* ECF Nos. 6, 12, 13, 14, 16, 19, 21. However, the docket does not reflect that Plaintiff has moved for the issuance of a Rule C Arrest Warrant by which she will serve the Vessel. While Plaintiff titled her Complaint "Complaint with Jury Trial Demand and Request for Supplemental Maritime Rule C Arrest Warrant," the Complaint discusses neither the warrant nor Rule C, and no explanation is made as to how Plaintiff is entitled to a Rule C Arrest Warrant.

To satisfy Rule 4(m) and bring the Vessel under the personal jurisdiction of this Court, Plaintiff must either serve a warrant of arrest on the vessel or a Defendant may issue a bond

or a letter of undertaking. None of the summonses as to the *in personam* Defendants specify that a Defendant is being served as an agent of the Vessel. *See generally* ECF Nos. 1-5, 10-1, 10-2, 10-3. Without Plaintiff filing a motion before this Court for issuance of the Rule C Arrest Warrant and explaining how it is entitled to such a warrant, this Court cannot issue any such warrant.[1] Accordingly, it is

**ORDERED** that on or before **December 2, 2025**, Plaintiff shall perfect service upon the Vessel by serving a Rule C Arrest Warrant or through the other means specified in this Order, and file proof of said service[2] or show cause why this action should not be dismissed for failure to perfect service of process on the Vessel. This Court will only issue a warrant of arrest under Rule C if Plaintiff files a motion with an accompanying memorandum of law explaining her entitlement to such a warrant. Plaintiff shall attach a proposed Rule C Arrest Warrant to her motion and shall email said proposed Rule C warrant to Chambers at *damian@flsd.uscourts.gov* once she files the motion.

Failure to file proof of service or show good cause by Decemct 2, 2025, will result in a dismissal of the Vessel without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 30th day of October, 2025.

 

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Under Supplemental Rule C(2)(a), the Complaint in an *in rem* action must be verified to meet the conditions for a court to issue an arrest warrant. However, Plaintiff's Complaint contains no verification nor explanation of why a verification is not necessary here.

[2] The United States Marshal's Process Receipt and Return is sufficient once the arrest warrant has been returned executed.